**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL PRODUCTS, INC., | No. 18-35220 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01553-JPD |
| v. | |
| ARKON RESOURCES, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |
| NATIONAL PRODUCTS, INC., | No. 18-35221 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-01553-JPD |
| v. | |
| ARKON RESOURCES, INC., | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Argued and Submitted May 16, 2019
Seattle, Washington

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS and W. FLETCHER, Circuit Judges, and SEEBORG,[**] District Judge.

Plaintiff National Products, Inc. ("NPI") succeeded on its claim of willful trade dress infringement, but the jury ruled in favor of defendant Arkon Resources, Inc. ("Arkon") on NPI's Washington Consumer Protection Act ("WCPA") claim. Both parties filed and renewed Rule 50(b) motions seeking judgment as a matter of law, which the district court denied. Both parties appeal, and we affirm.

This court reviews *de novo* the denial of a Rule 50(b) renewed motion for judgment as a matter of law. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc). Such a motion is properly granted "only if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id.* (citation omitted).

The district court did not err by denying Arkon's Rule 50(b) motion. "Willful trademark infringement occurs when the defendant's actions are willfully calculated to exploit the advantage of an established mark." *DC Comics v. Towle*, 802 F.3d 1012, 1026 (9th Cir. 2015) (citation omitted). Liability may also be predicated on a theory of willful blindness, provided: "(1) the defendant must subjectively believe

---

[**] The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011).

Arkon's general defense at trial was that it was permissibly copying an expired patent and that it was unaware NPI had also registered the nonfunctional "hourglass shape" of its product. However, there was testimony that NPI saw Arkon's product at a trade show and warned Arkon that it had "other protections" besides the patent and that it "might want to look into that." The "hourglass shape" was also listed with other patents and trademark registrations on NPI's website, but Arkon failed to investigate further. Moreover, Arkon continued to sell its product for seven months after NPI filed suit and gave it undisputed notice of its registered trade dress. Viewing this evidence in the light most favorable to NPI as the non-moving party, there was substantial evidence to support the jury's verdict of willful trademark infringement. *Gilbrook v. City of Westminister*, 177 F.3d 839, 856 (9th Cir. 1999).

Nor did the court err by denying NPI's Rule 50(b) motion regarding its WCPA claim. To establish a violation of the WCPA, a plaintiff must show: (1) an unfair or deceptive practice; (2) occurring in trade or commerce; (3) affecting the public interest; (4) that injures the plaintiff in his or her business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered. *Hangman Ridge*

*Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535–39 (Wash. 1986). Although Washington courts have held that a finding of trademark infringement will usually satisfy the "affecting public interest" prong of the WCPA, *see Nordstrom v. Tampourlos*, 733 P.2d 208, 211–12 (Wash. 1987), the Washington Supreme Court has also carved out an exception in "unusual and unforeseen circumstances," and one example of such is where there has been an "inadvertent infringement of a weak mark." *Seattle Endeavors, Inc. v. Mastro*, 868 P.2d 120, 127 (Wash. 1994).

As the district court noted, viewing the evidence in favor of Arkon as the non-moving party, there was some evidence to support a finding that Arkon had "inadvertently" infringed the shape in the process of permissibly attempting to copy an expired patent, but had failed to conduct an adequate investigation of NPI's other nonfunctional protections. The court further noted (again viewing the evidence in Arkon's favor), that as in *Seattle Endeavors*, the trade dress of the "hourglass shape" was relatively general and weak, and not a strong and well-known mark like the business name Nordstrom. *See* 868 P.2d at 127. Thus, on the whole, this case could present the sort of "unusual or unforeseen circumstance" that would not satisfy the public interest requirement of WCPA.

A jury verdict must be upheld unless it is not supported by substantial evidence. *Gilbrook*, 177 F.3d at 856. This standard does not require that the evidence support

4

only one conclusion. *See Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001) ("Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence."). Viewing the evidence in the light most favorable to Arkon, there was substantial evidence to support the WCPA verdict, and we affirm the district court's ruling on NPI's Rule 50(b) motion.

**AFFIRMED.**